**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRAVELERS COMPANIES, INC., as Subrogee of Ocean Trading Ltd., ) ) | |
| Plaintiff, ) | Case No. 08 CV 2952 |
| ) | |
| vs. ) | Honorable Judge James B. Moran |
| ) | |
| EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION and ACE WORLD WIDE AIR FREIGHT CO. INC., ) ) ) | |
| Defendants. ) | |

## MOTION TO DISMISS COUNT I OF THE COMPLAINT

1. Defendant, ACE WORLDWIDE MOVING & STORAGE ("ACE") improperly sued as ACE WORLD WIDE AIR FREIGHT CO. INC., by and through its attorneys, Sanchez Daniels & Hoffman LLP, hereby moves to dismiss Count I of the Complaint, for failure to state a claim upon which relief can be granted pursuant Fed. R. Civ. P. 12(b)(6), and in support thereof states as follows:

### INTRODUCTION

2. The Complaint fails to adequately plead a cause of action against Ace under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. app. § 1300, *et seq*. COGSA only applies to "the period from the time when the goods are loaded on to the time when they are discharged from the ship." 46 U.S.C app. §1301(e). The Complaint fails to allege that the subject cargo was damaged abroad a ship during international transport of the shipment. As a result, Count I of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL BACKGROUND

3. The Complaint alleges that 124 paper reels owned by Plaintiff were damaged during international transport. *Travelers Companies v. Evergreen Shipping Agency, et al.*,

08CV2952, ¶ 1. The Complaint alleges that Evergreen undertook the transport of the cargo from Green Bay, Wisconsin to Germany. (¶ 5). The Complaint also alleges that Ace was hired by Evergreen to perform trucking service between Wisconsin and Illinois with respect to the cargo. (¶ 6). The Complaint alleges that Ace hauled the cargo from Green Bay, Wisconsin to Cudahy, Wisconsin. (¶ 6). The Complaint further alleges the cargo was damaged when the truck and trailer rolled over on Interstate 94 during transport from Wisconsin to Chicago, Illinois. (¶ 6, 11).

## ARGUMENT

### I. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

4.     A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal of an action under this motion is warranted if the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.* In reviewing a motion to dismiss, the court will accept all of the well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.*

### II. COGSA DOES NOT APPLY TO DOMESTIC INTERSTATE TRANSPORT

5.     COGSA governs the rights and obligations between a shipper and carrier arising out of a contract of carriage of goods by sea. 46 U.S.C. app § 1302. By its terms, COGSA applies to shipping "to or from the ports of the United States" and is further limited to foreign trade. 46 U.S.C. app § 1300. Similarly, COGSA only applies to "the period from the time when the goods are loaded on to the time when they are discharged from the ship." 46 U.S.C app. §1301(e); *Sompo Japan Ins. Co. v. Union Pacific Railroad Co.*, 456 F.3d 54, 69

(2nd Cir. 2006). This is often referred to as the "tackle-to-tackle" period. *Sompo Japan*, 456 F.3d at 58. However, COGSA may be extended by contract beyond the tackles. 46 U.S.C app. §1307.

6.      Here, the Complaint alleges that the subject cargo was damaged during domestic road transport. The Complaint fails to allege that the subject cargo was damaged from the time it was loaded on a ship to when it was discharged from a ship. Furthermore, the Complaint makes no allegation that any contract extended COGSA beyond the tackles. As a result, the Complaint fails to state a cause of action under COGSA. *See Orient Overseas Container Line v. John Clark & Sons*, 229 F.Supp.2d 4 (D.Mass. 2002) (finding that COGSA does not apply to the inland carriage of goods).

7.      Therefore, Count I of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant, ACE WORLDWIDE MOVING & STORAGE, requests that this Court dismiss Count I of the Complaint and grant any other relief it deems proper and just.

> Respectfully submitted,
> ACE WORLDWIDE MOVING & STORAGE
>
> s/ Edric S. Bautista

Timothy V. Hoffman (ARDC # 6186716)
Edric S. Bautista (ARDC # 6285719)
Sanchez Daniels & Hoffman
333 W. Wacker Dr., Suite 500
Chicago, Illinois 60606
(312) 641-1555