UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS COMPANIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-02952 |
| v. | ) | |
| | ) | Hon. James B. Moran |
| EVERGREEN SHIPPING AGENCY | ) | |
| (AMERICA) CORPORATION, *et al.*, | ) | Hon. Arlander Keys |
| | ) | |
| Defendants. | ) | |

### EVERGREEN'S MOTION TO DISMISS

Evergreen Shipping Agency (America) Corporation ("Evergreen"), by its undersigned attorneys, requests that this Court dismiss the complaint of Travelers Companies, Inc. ("Travelers") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and in support thereof states:

Travelers filed its complaint against Evergreen and Ace World Wide Air Freight Co., Inc. ("Ace") on May 21, 2008. Travelers' complaint alleges that "upon information and belief," Evergreen undertook to transport cargo from Green Bay, Wisconsin to Germany under door-to-door terms and had selected Ace to perform drayage services relative to surface transportation of the intermodal container at issue. (Complaint, ¶ 5.) It further alleges that pursuant to a "bill of lading," Ace transported the container from Green Bay, Wisconsin to its facility in Cudahy, Wisconsin, and then commenced transportation of the container from Wisconsin to Chicago, Illinois at which time both truck and trailer rolled over. (Complaint, ¶¶ 6 and 11.) Travelers attached a copy of a bill of lading as Exhibit C to the complaint, which explicitly identifies Ace as the "carrier." *Id.* No bill of lading between the shipper and Evergreen is attached to the complaint.

Regardless, Travelers alleges that Evergreen is liable for damages to the container pursuant to the Carriage of Goods by Sea Act and/or the Carmack Amendment based upon a "booking note" attached to its complaint as Exhibit B. Travelers claims that it has standing to commence this action as the subrogee of Ocean Trading, Ltd., the cargo's consignee. (Complaint at 4.)

I.   **COGSA DOES NOT APPLY TO CARGO DAMAGE OCCURRING ON LAND**

As alleged in the complaint, the shipment in question never made it to the port of loading (Norfolk, Virginia). (Complaint, ¶¶ 6, 11-12.) That admission is fatal to the COGSA claim. "COGSA by its terms is in effect only during the period of time that goods are aboard a ship, which is to say *after loading* and prior to discharge." *Indemnity Ins. Co. of North America v. Hanjin Shipping Co.,* 206 F. Supp. 2d 927, 939 (N.D. Ill. 2002) (*citing* 46 U.S.C. § 1301(e); *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549 (2d Cir. 2000)). In *Hanjin*, a carrier issued a through bill of lading, agreeing to transport cargo from Shenzehen, China to North Vernon, Indiana. *Hanjin*, 206 F. Supp. 2d at 930. The loss of cargo in *Hanjin* occurred well after the cargo had been discharged from the vessel and while it was being stored in Chicago. *Id*. The Northern District of Illinois therefore held that COGSA "by its terms does not apply." *Id.*

The complaint on its face concedes that the cargo was damaged before being loaded aboard a ship. (Complaint, ¶¶ 5, 10-11.) Accordingly, Count I should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

2

## II. THE BILL OF LADING ATTACHED TO THE COMPLAINT DOES NOT IDENTIFY EVERGREEN AS THE "CARRIER"

In order for a carrier to be liable for damages under the Carriage of Goods by Sea Act or the Carmack Amendment, it must be alleged and proven that the carrier entered into a contract of carriage or bill of lading with the plaintiff for transportation of the damaged cargo. This necessary element is set out in the respective statutes. The Carriage of Goods by Sea Act creates a cause of action against a "carrier," which is defined as:

> the owner or the charterer who <u>enters into a contract of carriage with a shipper</u>.

46 U.S.C. § 1301(a) (emphasis added); *see also Samsung America, Inc. v. M/V FORT PRODUCER,* 798 F. Supp. 184 (S.D.N.Y. 1992). Similarly, the Carmack Amendment states:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 <u>shall issue a receipt or bill of lading</u> for property it receives for transportation under this part.

49 U.S.C. 14706(a)(1) (emphasis added). The proposition is hardly novel that in order for a carrier to be liable under these statutes, a plaintiff must allege and prove the existence of a contract of affreightment such as a bill of lading between it and the carrier. For example, in *Associated Metal & Minerals Corp. v. SS PORTORIA*, 484 F.2d 460 (5th Cir. 1973), a plaintiff cargo owner brought an action against a vessel owner to recover for rust damage to its property. The trial court entered judgment on behalf of the plaintiff, and the owner appealed. The Fifth Circuit reversed plaintiff's judgment because the plaintiff had failed to prove that there was a contract of affreightment between it and the vessel owner. *Id.* at 462.

Numerous other cases state that liability under the statutes is premised upon the existence of a shipping contract between a plaintiff and an owner, operator or charterer of a

vessel.  *See, e.g., Pacific Employers Insurance Co. v. M/V GLORIA*, 767 F.2d 229, 234-35 (5th Cir. 1985) ("the plaintiff must establish that a party defendant executed a contract of carriage"); *Joseph L. Wilmotte & Co. v. Cobelfret Lines*, 289 F. Supp. 601, 603 (M.D. Fla. 1968) ("issue resolves itself into whether or not Cobelfret entered into a contract of carriage . . . ").

The bill of lading attached to Travelers' complaint as Exhibit C identifies Ace Trucking as the "carrier."  This exhibit directly conflicts with Traveler's allegation that "Evergreen undertook to transport the Cargo from Green Bay, Wisconsin, to Germany, under 'door to door' terms." (Compl., ¶ 5.)  The law is clear that to the extent allegations of a complaint contradict exhibits attached to the complaint, the exhibits trump the inconsistent facts or allegations alleged in the pleading.  *Chicago District Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463 (7th Cir. 2007) (*citing Flannery v. Recording Indus. Assoc. of Am.*, 354 F.3d 632 (7th Cir. 2004); *Thompson v. Illinois Dept. of Prof. Regulation*, 300 F.3d 750 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991)).  Thus, because the bill of lading attached to Travelers' complaint identifies Ace as the "carrier," the complaint fails to state a claim against Evergreen pursuant to the Carriage of Goods by Sea Act or the Carmack Amendment.  Both Counts I and II of Travelers' complaint should therefore be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**Conclusion**

For the reasons set forth above, Travelers' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

EVERGREEN SHIPPING AGENCY
(AMERICA) CORPORATION


By:　　/s/　Jeffrey S. Becker
　　　　One of its attorneys

Paul J. Kozacky
Jerome R. Weitzel
Jeffrey S. Becker
KOZACKY & WEITZEL, P.C.
55 W. Monroe St., Suite 2400
Chicago, IL 60603
312-696-0900
312-696-0905 (fax)

## CERTIFICATE OF SERVICE

I, Jeffrey S. Becker, an attorney, certify that I caused this Motion to Dismiss to be served upon the following persons in the following manner before the hour of 5:00 p.m. on August 07, 2008:

| *Via Electronic Case Filing* | *Via Electronic Case Filing* |
|---|---|
| Timothy V. Hoffman | Timothy S. McGovern |
| Edric S. Bautista | Michael A. Snyder |
| SANCHEZ DANIELS & HOFFMAN | SNYDER MCGOVERN, LLC |
| 333 West Wacker Drive, Suite 500 | 12750 South Harlem Avenue, #2A |
| Chicago, Illinois 60603 | Palos Heights, Illinois 60463 |
| (312)641-1555 | (708)448-9700 |

/s/ Jeffrey S. Becker

Paul J. Kozacky
Jerome R. Weitzel
Jeffrey S. Becker
KOZACKY & WEITZEL, P.C.
55 West Monroe St., 24th Floor
Chicago, Illinois 60603
312-696-0900